```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. THOMAS AND ST. JOHN


ASPEN MOORE; LISA CHARTRAND, as      )
Personal Representative for the      )
Estate of SARAH CHARTRAND,           )
Deceased; LISA CHARTRAND, as         )
Personal Representative of SARAH     )   Civil No. 2017-28
CHARTRAND, on behalf of LISA         )
CHARTRAND; LISA CHARTRAND, as        )
Personal Representative of SARAH     )
CHARTRAND, on behalf of BRIAN        )
CHARTRAND; LISA CHARTRAND, as        )
Personal Representative of SARAH     )
CHARTRAND, on behalf of AMBRE        )
CHARTRAND; LISA CHARTRAND, as        )
Personal Representative of SARAH     )
CHARTRAND, on behalf of ERICA        )
SHELINBARGER; LISA CHARTRAND, as     )
Personal Representative of SARAH     )
CHARTRAND, on behalf of LAUREN       )
CHARTRAND; LISA CHARTRAND, as        )
Personal Representative of SARAH     )
CHARTRAND, on behalf of HANNAH       )
CHARTRAND,                           )
                                     )
     Plaintiffs,                     )
                                     )
               v.                    )
                                     )
MICHAEL GERRY,                       )
                                     )
                                     )
     Defendant.                      )
                                     )
                                     )
MICHAEL GERRY,                       )
                                     )
     Counterclaim Plaintiff,         )
                                     )
               v.                    )
                                     )
ASPEN MOORE,                         )
                                     )
     Counterclaim Defendant.         )
                                     )
```

**ATTORNEYS:**

**Thomas F. Friedberg, Esq.**
Law Offices of Friedberg & Bunge
San Diego, CA
    *For the plaintiffs and counterclaim defendant,*

**Paul R. Neil, Esq.**
**Daryl C. Barnes, Esq.**
Barnes and Neil, LLP
St. Croix, VI
    *For Michael Gerry.*

## ORDER

**GÓMEZ, J.**

Before the Court is the third motion of Michael Gerry to strike portions of the complaint.

### I. FACTUAL AND PROCEDURAL HISTORY

On or about June 28, 2016, Aspen Moore ("Moore") was operating a motorcycle on St. John, U.S. Virgin Islands. Sarah Chartrand was a passenger on that motorcycle. Moore alleges that a Jeep operated by Michael Gerry collided with Moore's motorcycle.

Moore and Sarah Chartrand were seriously injured in the accident. Sarah Chartrand passed away, allegedly due to her injuries.

On April 20, 2017, a twelve-count complaint was filed in this Court. The plaintiffs listed in that complaint are:

> ASPEN MOORE, LISA CHARTRAND, as Personal Representative for the Estate of SARAH CHARTRAND,

>       Deceased, LISA CHARTRAND, individually as heir at law for SARAH CHARTRAND, Deceased, BRIAN CHARTRAND, individually as heir at law of SARAH CHARTRAND, Deceased, AMBRE CHARTRAND, individually as heir at law of SARAH CHARTRAND, Deceased, ERICA SHELINBARGER, individually as heir at law of SARAH CHARTRAND, Deceased, LAUREN CHARTRAND, individually as heir at law of SARAH CHARTRAND, Deceased, and HANNAH CHARTRAND, individually as heir at law of SARAH CHARTRAND, Deceased.

ECF No. 1, at 1. Count One alleged a negligence claim on behalf of Moore against Jill Gerry.[1] Count Two alleged a gross negligence claim on behalf of Moore against Jill Gerry. Count Three alleged a negligence claim on behalf of Lisa Chartrand, as personal representative of the estate of Sarah Chartrand, against Jill Gerry. Count Four alleged a gross negligence claim on behalf of Lisa Chartrand, as personal representative of the estate of Sarah Chartrand, against Jill Gerry. Count Five alleged a negligence claim on behalf of Lisa Chartrand, as heir at law of Sarah Chartrand, against Jill Gerry. Count Six alleged a negligence claim on behalf of Brian Chartrand, as heir at law of Sarah Chartrand, against Jill Gerry. Count Seven alleged a negligence claim on behalf of Moore against Michael Gerry. Count Eight alleged a negligence claim on behalf of Lisa Chartrand, as heir at law of Sarah Chartrand, against Michael Gerry.  Count

---

[1] In the original complaint, it was unclear whether Michael Gerry or his wife, Jill Gerry, was operating the Jeep. In the operative complaint, the plaintiffs allege that Michael Gerry was the driver.

Nine alleged a negligence claim on behalf of Brian Chartrand, as heir at law of Sarah Chartrand, against Michael Gerry. Count Ten alleged a negligence claim on behalf of Ambre Chartrand, Erica Shelinbarger, Lauren Chartrand, and Hanna Chartrand, as heirs at law of Sarah Chartrand, against Jill Gerry. Count Eleven alleged a negligence claim on behalf of Ambre Chartrand, Erica Shelinbarger, Lauren Chartrand, and Hanna Chartrand, as heirs at law of Sarah Chartrand, against Michael Gerry. Count Twelve alleged a gross negligence claim on behalf of Ambre Chartrand, Erica Shelinbarger, Lauren Chartrand, and Hanna Chartrand, as heirs at law of Sarah Chartrand, against Michael Gerry.

On June 5, 2017, Michael Gerry and Jill Gerry (the "Gerrys") filed an answer to the complaint and a counterclaim against Moore. Then, on July 12, 2017, the Gerrys filed a motion for judgment on the pleadings and to strike improper plaintiffs from the complaint (the "First Motion to Strike"). In that motion, the Gerrys asserted that only the personal representative of Sarah Chartrand could file a wrongful death action on her behalf. On that basis, the Gerrys contended that Sarah Chartrand's alleged heirs were improper plaintiffs.

On July 14, 2017, the plaintiffs filed an amended complaint (the "First Amended Complaint"). ECF No 16. The plaintiffs listed in the First Amended Complaint are:

>       ASPEN MOORE; LISA CHARTRAND, as Personal
>       Representative for the Estate of SARAH CHARTRAND,
>       Deceased; LISA CHARTRAND, as Personal
>       Representative of SARAH CHARTRAND, on behalf of
>       LISA CHARTRAND; LISA CHARTRAND, as Personal
>       Representative of SARAH CHARTRAND, on behalf of
>       BRIAN CHARTRAND; LISA CHARTRAND, as Personal
>       Representative of SARAH CHARTRAND, on behalf of
>       AMBRE CHARTRAND; LISA CHARTRAND, as Personal
>       Representative of SARAH CHARTRAND, on behalf of
>       ERICA SHELINBARGER; LISA CHARTRAND, as Personal
>       Representative of SARAH CHARTRAND, on behalf of
>       LAUREN CHARTRAND; LISA CHARTRAND, as Personal
>       Representative of SARAH CHARTRAND, on behalf of
>       HANNAH CHARTRAND [(collectively, the "Moore
>       Group").]

ECF No. 16-2, at 1. As such, the First Amended Complaint clarifies that certain claims asserted in the original complaint are brought by Lisa Chartrand, as personal representative of Sarah Chartrand, on behalf of the plaintiffs listed in the original complaint, rather than by those plaintiffs themselves. All of the claims included in the original complaint are also included in the First Amended Complaint.

On July 24, 2017, the Gerrys filed a motion to strike certain provisions from the First Amended Complaint (the "Second Motion to Strike"). ECF No. 34.

On February 13, 2018, the Moore Group filed an eight-count amended complaint (the "Second Amended Complaint"). In that complaint, the Moore Group alleges that the Jeep was operated by Michael Gerry. The Second Amended Complaint also removes Jill Gerry as a defendant. Count One alleges a negligence claim by

Moore against Michael Gerry. Count Two alleges a gross negligence claim by Moore against Michael Gerry. Count Three alleges a negligence claim by Lisa Chartrand, as personal representative of the estate of Sarah Chartrand, on behalf of the estate, against Michael Gerry. Count Four alleges a gross negligence claim by Lisa Chartrand, as personal representative of the estate of Sarah Chartrand, on behalf of the estate, against Michael Gerry. Count Five alleges a negligence claim by Lisa Chartrand, as personal representative of the estate of Sarah Chartrand, on behalf of Lisa Chartrand, as an heir of Sarah Chartrand, against Michael Gerry. Count Six alleges a negligence claim by Lisa Chartrand, as personal representative of the estate of Sarah Chartrand, on behalf of Brian Chartrand, as an heir of Sarah Chartrand, against Michael Gerry. Count Seven alleges a negligence claim by Lisa Chartrand, as personal representative of the estate of Sarah Chartrand, on behalf of Ambre Chartrand, Erica Shelinbarger, Lauren Chartrand, and Hanna Chartrand, as heirs of Sarah Chartrand, against Michael Gerry. Count Eight alleges a gross negligence claim by Lisa Chartrand, as personal representative of the estate of Sarah Chartrand, on behalf of Lisa Chartrand, Brian Chartrand, Ambre Chartrand, Erica Shelinbarger, Lauren Chartrand, and Hanna Chartrand, as heirs of Sarah Chartrand, against Michael Gerry.

Michael Gerry has since filed a motion to strike certain provisions from the Second Amended Complaint (the "Third Motion to Strike").

On February 14, 2018, the Magistrate Judge held that the Second Motion to Strike was moot.

On March 8, 2018, the Court held that the First Motion to Strike was moot.

## II. DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to strike from a pleading any insufficient defense or any immaterial, impertinent or scandalous matter. Fed. R. Civ. P. 12(f). Courts generally disfavor motions to strike. *Flanagan v. Wyndham Int'l,* Inc., No. 2002-237, 2003 U.S. Dist. LEXIS 24211, at *3 (D.V.I. Apr. 21, 2003) (noting that motions to strike are "a drastic remedy to be resorted to only when required for the purpose of justice"). To prevail on a motion to strike, the moving party must demonstrate that the challenged allegations are so unrelated to the plaintiff's claims as to be "unworthy of any consideration and that their presence in the pleadings will be prejudicial." *Id.* at *3 (citing Wright and Miller, Federal Practice and Procedures, Civil 2d § 1380).

"In considering a motion to strike the Court will deem as admitted all of the non-moving party's well-pleaded facts, draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion." *Id.* at *3-4. "A motion to strike redundant, immaterial, impertinent or scandalous matter is also viewed with disfavor as 'a time waster.'" *Id.* at *4 (quoting *Somerset Pharms., Inc. v. Kimball,* 168 F.R .D. 69, 71 (M.D.Fl. 1996). "The Court will not strike such matter unless it bears no possible relation to the dispute or could confuse the issues." *Id.; Government Guarantee Fund et al. v. Hyatt Corp.,* 166 F.R.D. 321, 324 (D.V.I. 1996). "Mere redundancy, immateriality, impertinence or scandalousness is not sufficient to justify striking an allegation-the allegation must also be shown to be prejudicial to the moving party." *Flanagan,* 2003 U.S. Dist. LEXIS 24211, at *4; *see also Glasser v. Government of the Virgin Islands,* 853 F.Supp. 852, 854 (D.V.I. 1994).

### III. ANALYSIS

In the Third Motion to Strike, Michael Gerry asks this Court to "strike all Plaintiffs from the caption of the lawsuit except for Aspen Moore, and Lisa Chartrand as personal representative for the Estate of Sarah Chartrand and the Beneficiaries." ECF No. 76, at 2-3. Michael Gerry also asks the Court to "strike each of the duplicative Counts of the Complaint

and [to] require Plaintiffs to consolidate their negligence and gross negligence causes of action against Mr. Gerry into two Counts--one for alleged negligence against Mr. Gerry and one for alleged gross negligence against Mr. Gerry." *Id.* at 2-3. Michael Gerry asserts that he will be prejudiced if the Court does not grant him the relief that he seeks because the jurors and other individuals would likely believe that each person named in the caption of the complaint is a separate plaintiff.

The Virgin Islands wrongful death statute specifies that a wrongful death action "shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this section, caused by the injury resulting in death." 5 V.I.C. § 76(d). Here, the First Amended Complaint clearly specifies that Sarah Chartrand's personal representative is proceeding on behalf of the estate of Sarah Chartrand and a number of alleged survivors. As such, the Third Motion to Strike is directed at the form, not the substance, of the pleading.

This Court has denied motions to strike under similar circumstances. For example, in one case, the Court held that:

> Michael's complaint is 39 pages long and contains 12 claims for relief. At times, the Complaint reads somewhat like a legal treatise. It is long, sets forth many bases for relief, and cites authority from several jurisdictions. It is also

> repetitive. However, this Court must accept all allegations in the Complaint as true and construe any inferences in Michael's favor. Moreover, the Court is mindful that courts roundly disfavor motions to strike, resorting to them only when a "drastic remedy" is required. McIntosh argues only that the allegations in Michael's complaint are long and confusing. McIntosh has not met her burden of showing that striking Michael's complaint is appropriate.

*Michael v. McIntosh,* No. CIV. 2007-100, 2007 WL 3124670, at *2 (D.V.I. Oct. 9, 2007).

Similarly, here, the First Amended Complaint is long, and repetitive. Nevertheless, the claims and the factual basis for each claim, as well as the respective claimed liability of each party, could be discerned upon review of the complaint. Moreover, if this case reaches trial, the Court's instructions to the jurors and the verdict form will properly frame the jurors' deliberations.[2] Thus, the Court is not satisfied that Michael Gerry is prejudiced by the current complaint.

Under these circumstances and in light of the disfavored status of motions to strike, the Court will deny the Third Motion to Strike.

---

[2] The Court also notes that when a wrongful death action is tried, "[t]he amounts awarded to each survivor and to the estate" are "stated separately in the verdict." 5 V.I.C. § 76(f). As such, the jury must separately consider the proper recovery for all of the individuals named in the complaint even though those individuals are not separate plaintiffs.

The premises considered; it is hereby

**ORDERED** that the Third Motion to Strike is **DENIED**.

                                              S\_____
                                                **CURTIS V. GÓMEZ**
                                                **District Judge**